UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN M. STEVENS,<br>        Plaintiff,<br><br>    v.<br><br>GOV. GAVIN NEWSOM, et al.,<br>        Defendants. | Case No. 21-cv-05531 EJD (PR)<br><br>**ORDER OF SERVICE OF THIRD AMENDED COMPLAINT; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's second amended complaints with leave to amend to correct various deficiencies. Dkt. No. 40. Plaintiff's third amended complaint ("TAC") is before the Court for an initial review. Dkt. No. 46.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

In preparing a third amended complaint, the Court advised Plaintiff that he must explain whether he was a pretrial detainee or a convicted prisoner at the time of the incident, and where the alleged incident took place.  Dkt. No. 40 at 3-4.  Plaintiff was also advised that the allegations against Defendants Brad James and Sheriff Bill Cogbill were deficient.  Id. at 4.

The TAC alleges that on January 20, 2005, Plaintiff turned himself in at the North County Detention Facility, and was sentenced to 30 days for traffic tickets.  Dkt. No. 46 at 2.  He was transported to the Main Adult Detention Facility ("MADF").  Id. at 3.  He was there for approximately 25 days.  Id. at 4.  Then at some point, Defendant Busher put waist and leg restraints Plaintiff and walked him up to the second story roof from where he culd see Freeway 101.  Id.  Plaintiff claims Defendant Busher pushed him over the edge three times.  Id.  Plaintiff claims that on the third time, he heard a voice over Deputy Busher's radio say, "That's enough."  Id.  Plaintiff recognized the voice as Deputy Brad James.  Id.  Plaintiff heard feedback from the radio and then looking up, saw 30-35 people.  Id.  Plaintiff realized that he had just been put through a "mock execution."  Id.  Plaintiff was put back in the cell a few days and then transported to Oak Crest to be evaluated for mental illness.[1]  Id.  Plaintiff seeks injunctive relief, costs related to this suit, and damages.  Id. at 3, 6.

---

[1] In the second amended complaint, Plaintiff alleged that he was forced to take psychotropic medication for years, and that it was not until recently that he was taken off meds and regained sufficient clarity to pursue the claims in this action.  Dkt. No. 39 at 4-5.  Plaintiff requested that the Court waive the filling deadlines and allow him to pursue this action for the "mock execution" that took place in Sonoma County Jail in 2005.  Id. at 6-7.  The Court found in its previous order that Plaintiff was asserting equitable tolling to excuse the late filing of this action against Sonoma County officers for this 2005 incident.  Dkt. No. 40 at 3.  Accordingly, the issue of timeliness may proceed and be briefed by the parties.

2

Plaintiff claims that he was serving time for several traffic tickets at the time of the incident. Accordingly, his allegations, liberally construed, are sufficient to state an excessive force claim against Defendant Busher under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). As for Defendant James, Plaintiff alleges that it was Defendant James who ordered Defendant Busher to stop hanging Plaintiff over the side of the building. It appears that Plaintiff is inferring that Defendant Busher was acting under Defendant James' orders. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). Liberally construed, Plaintiff's allegations are sufficient to state a claim of excessive force against Defendant James based on supervisor liability.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third amended complaint, Dkt. No. 46, all attachments thereto, and a copy of this order upon **Defendants Deputies Brad James and Busher** at the **Sonoma County Main Adult Detention Facility** (2777 Ventura Ave., Santa Rosa, CA 95403). The Clerk shall also mail the same packet to these Defendants at the **Sonoma County Sheriff's Office** (2796 Ventura Ave., Santa Rosa, CA 95403). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Bill Cogbill and the Sonoma County Sheriff from the docket as they are no longer parties to this action.  See Ferdick and Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in an amended complaint are no longer defendants).

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: September 22, 2023

EDWARD J. DAVILA
United States District Judge