UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN M. STEVENS,<br>Plaintiff,<br>v.<br>DEPUTY BUSHER, et al.,<br>Defendants. | Case No. 5:21-cv-05531 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING REQUEST FOR JUDICIAL NOTICE; DENYING OTHER MOTION AS MOOT**<br><br>(Docket Nos. 58, 102) |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The third amended complaint is the operative complaint. Dkt. No. 46 ("TAC"). The Court found the TAC stated a cognizable claim of excessive force against Deputy Carson Busher and against Deputy Brad James based on supervisor liability and ordered service of the matter of these defendants at the Sonoma County Main Adult Detention Facility. Dkt. No. 48.

Defendants filed a motion for summary judgment on the grounds that the statute of limitations bars Plaintiff's complaint, and Plaintiff fails to state a claim under § 1983 against them. Dkt. No. 58.[1] Plaintiff filed opposition papers, Dkt. Nos. 92, 95,[2] and

---

[1] In support of their motion, Defendants submit declarations from the following: (1) Defendant C. Busher, Dkt. No. 58-5; Defendant B. James, Dkt. No. 58-6; Lt. Sean Jones of the Sonoma County Sheriff's Department, with exhibits, Dkt. No. 58-7; and (4) Lt. Jason Squires of the Sonoma County Sheriff's Department, with exhibits, Dkt. No. 58-8.

[2] Plaintiff filed multiple other papers titled, "plaintiff's opposition" which are merely general objections to Defendants' admission. Dkt. Nos. 83, 93, 94. Accordingly, these papers will not be considered. Furthermore, Plaintiff filed an "affidavit and declaration" which includes the nonsensical and irrelevant assertion that Defendant James falsified his death in March 2005, and irrelevant allegations of "gangstalking." Dkt. No. 84.

1   Defendants filed a reply, Dkt. No. 85.

2   For the reasons set forth below, Defendants' motion is **GRANTED**.

## DISCUSSION

### I.   Statement of Facts[3]

Plaintiff was booked into the MADF on January 21, 2005, at 7:26 p.m. Squires Decl., Ex. A; Dkt. No. 58-8 at 4. According to Plaintiff, he turned himself in at the North County Detention Facility and was sentenced to 30 days for traffic tickets. Dkt. No. 46 at 2; Dkt. No. 92 at 1. He was transported to the Main Adult Detention Facility ("MADF"), where he remained for approximately 25 days. Dkt. No. 46 at 3-4.

On February 20, 2005,[4] Defendant Busher put waist and leg restraints on Plaintiff and walked him up, barefoot, to the second story roof from where he could see Freeway 101. Dkt. No. 46 at 3; Dkt. No. 92 at 1. Plaintiff claims Defendant Busher pushed him over the edge three times. Dkt. No. 46 at 3. Plaintiff claims that on the third time, he heard a voice over Deputy Busher's radio say, "That's enough." Id. Plaintiff recognized the voice as Deputy Brad James. Id. Plaintiff heard feedback from the radio and then looking up, saw 30-35 people. Id. Plaintiff realized that he had just been put through a "mock execution." Id. Plaintiff was put back in the cell a few days and then transported to Oak Crest to be evaluated for mental illness. Id. The Court found these allegations sufficient to state an excessive force claim against Defendants. Dkt. No. 48.

According to Defendants, MADF does not have a second story roof or anyway for a person to walk outside the second story of MADF. Butler Decl. ¶ 3; Dkt. No. 58-5 at 1. Defendant Busher does not recall Plaintiff and denies being involved in a "mock execution" of Plaintiff or anyone else. Busher Decl. ¶ 2-3; Dkt. No. 58-5 at 1.

---

Accordingly, this document shall also not be considered.

[3] The following facts are undisputed unless otherwise indicated.

[4] Defendants incorrectly assume that the alleged event took place on January 21, 2005, and assert that neither Defendant Busher nor James were on duty at MDAF at that time. Squires Decl. ¶ 3, Exs. B, C; Dkt. No. 58-8 at 2, 7, 9. Accordingly, this evidence is not relevant.

1      Defendant James was employed with the Sheriffs Department from 1996 until his
2  retirement in 2012.  James Decl. ¶ 1; Dkt. No. 58-6 at 1.  At no time during his
3  employment did Defendant James hold a supervisory position over any other employee,
4  including Defendant Busher.  Id. at ¶ 3.  Furthermore, at no time during his employment
5  did Defendant James work as a correctional deputy either at the North County Detention
6  Facility or MADF.  Id. at ¶ 4.  It was only in 2012 when Defendant James began working
7  part time as the Court Movement Deputy with occasional shifts at MADF.  Id. at ¶ 2.
8  Defendant James denies being involved in any "mock execution," including against
9  Plaintiff, by being on the radio, watching or in any other way.  James Decl. ¶ 5; Dkt. No.
10 58-6 at 2.

11     In his second amended complaint ("SAC"), Plaintiff alleged that psycho tropic
12 medication prevented him from filing the current action until 2021, some 16 years later.
13 Dkt. No. 39 at 5.  In granting leave to amend, however, the Court stated that the third
14 amended complaint supersedes all prior complaints which would be treated thereafter as
15 non-existent.  Dkt. No. 40 at 5.  Accordingly, Plaintiff's allegations in the SAC will not be
16 considered.

17     Defendants move for judicial notice under Federal Rule of Evidence 201, of
18 Plaintiff's numerous filings in several state and federal lawsuits from August 2005 through
19 September 2010, numbering over 50.  Dkt. No. 58-4 at 1-6.  The fact of these court filings
20 can be accurately and readily determined from sources whose accuracy cannot reasonably
21 be questioned under Rule 201(b)(2).  Accordingly, the request for judicial notice is
22 GRANTED.

23 **II.    Summary Judgment**

24     Summary judgment is proper where the pleadings, discovery and affidavits show
25 that there is "no genuine dispute as to any material fact and the movant is entitled to
26 judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A court will grant summary judgment
27 "against a party who fails to make a showing sufficient to establish the existence of an
28 element essential to that party's case, and on which that party will bear the burden of proof

at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." Id. at 323. The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity

the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. S.F Unified School Dist., 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A.     Statute of Limitations

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 377-78 (2004); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (articulating uniform rule of Wilson's retroactive effect). In the event the state has multiple statutes of limitations for different torts, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Silva, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802. "A cause of action accrues 'even if the full extent of the injury is not then known.'" Gregg v. State of Hawaii DPS, 870 F.3d 883, 887 (9th Cir. 2017)

5

(quoting Wallace, 549 U.S. at 391)). Accrual starts when the plaintiff can know that the injury was caused by defendants' actions. Id. at 889 (finding accrual when plaintiff knew, or could know through reasonable diligence, that her emotional discomfort was caused by defendant's improper conduct in therapy).

A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). The statute of limitations begins to run immediately after the recognized disability period ends. See Cabrera, 159 F.3d at 378-79 (following California Law). In California, imprisonment qualifies as a disability that tolls the statute of limitations for two years when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." See Cal. Civ. Proc. Code § 352.1(a). Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.

Defendants assert that because Plaintiff's complaint was filed on July 19, 2021, for an incident that allegedly occurred in 2005, his claims are barred by the statute of limitations. Dkt. No. 58-1 at 10. Plaintiff's opposition papers fail to address Defendants' time bar argument while acknowledging that he filed the papers included in their Request for Judicial Notice. Dkt. No. 95 at 7. In reply, Defendants point out that Plaintiff admits that he filed these pleadings, and that he does not deny that he was capable of filing lawsuits within the statute of limitations period. Dkt. No. 85 at 2. Defendants also point out that Plaintiff does not claim that tolling for imprisonment applies, nor could he as he failed to file his complaint until 16 years after the alleged incident. Id. at 2, fn. 1.

It is clear from the allegations that Plaintiff knew that his injuries were caused by Defendants' alleged excessive force at the time of the incident, on February 20, 2005. Dkt. No. 46 at 4 ["I did re[a]lize I was just put through a mock execution. I trul[]y thought I was going to die my legs were cut and my [w]rists."] Accordingly, the Court finds the date of accrual was February 20, 2005. Assuming Plaintiff is entitled to tolling for imprisonment,

he then had four years, i.e., until February 20, 2009, to file a personal injury action in California. See Maldonado, 370 F.3d at 954. Plaintiff filed the instant action on July 19, 2021, over twelve years later. Dkt. No. 1. Unless equitable tolling applies, the instant action is untimely.

### a. **Equitable Tolling**

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002); Hatfield v. Halifax PLC, 564 F.3d 1177, 1185 (9th Cir. 2009). Because we borrow California's statute of limitations, we also apply California's equitable tolling rules. Id.

California Code of Civil Procedure section 352(a) provides that "[i]f a person entitled to bring an action… is, at the time the cause of action accrued… lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action." Cal. Civ. Proc. Code § 352(a). The Court in Avery v. Arreola, summarized California's standard for invoking tolling under section 352(a):

> To invoke tolling under Section 352(a), a plaintiff must show that he was "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts." Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 521 (9th Cir. 2018) (quoting Alcott Rehab. Hosp. v. Superior Ct., 93 Cal. App. 4th 94, 101 (2001)). The key inquiry is whether the person bringing the action was "sufficiently aware of the nature or effects of [their] acts to be able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action." Id. (quoting Hsu v. Mt. Zion Hosp., 259 Cal. App. 2d 562, 575 (1968)). Even hospitalization for mental illness may not meet the standard for tolling under Section 352(a), if the person was still "capable of transacting business and carrying out [their] affairs, either during occasional lucid intervals or throughout [their] hospitalization." Id. at 522 (quoting Hsu, 259 Cal. App. 2d at 573). "Moreover, incapacity must exist at the time the claims accrue, and tolling lasts only until the plaintiff regains capacity." Id. (citations omitted).

Avery v. Arreola, No. 22-CV-08940-SI, 2023 WL 7026938, at *3 (N.D. Cal. Oct. 24, 2023). Plaintiff bears the burden of establishing tolling. Hinton v. NMI Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Defendants assert that Plaintiff does not claim that he was incapacitated upon accrual of his claim. Dkt. No. 58-1 at 12. Rather, Defendants assert that Plaintiff claims that he was evaluated and found to have no mental incapacity. Dkt. No. 46 at 4-5 ["A few days later [after the event], I was transported to Oak Crest AKA Edward Norton Center to be evaluated without a court order to make me look mentally ill. Thankfully a very nice psych Dr., Dr. Aheart evaluated me and cleared me."] Based on Plaintiff's admission, Defendants assert that Plaintiff had no incapacity at the time of the accrual of his claim. Dkt. No. 58-1 at 12. Defendants contend that Plaintiff therefore cannot meet the first requirement under section 352(a) that he lacked "the legal capacity to make decisions." Id. Defendants also assert that despite Plaintiff's statement that he was forced to take "mind altering pscyho tropic drugs to shut me up, and I was directed to take them for life by the corrupt doctors," (Dkt. No. 39 at 4-5), his conduct over the subsequent years in filing multiple other lawsuits shows a clear ability to file claims far before 2021 and within the statute of limitations for the 2005 incident. Id. at 12-13.

The Court finds that Plaintiff fails to meet the standard for incapacity under section 352(a). As stated above, the Court will not consider Plaintiff's allegations in previous complaints which are treated non-existent. Dkt. No. 40 at 5. Furthermore, the TAC contains no allegations to indicate that Plaintiff was incapacitated during the time at issue. On the other hand, the undisputed evidence submitted by Defendants of Plaintiff's active prosecution of multiple cases in state and federal courts indicates that he was clearly *not* "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." See Alcott Rehab. Hosp., 93 Cal.App.4th at 101. For example, later in the same year that the alleged "mock execution" occurred, Plaintiff filed a lawsuit against Sonoma County Sheriff Bill Cogbill for medical malpractice. Dkt. No. 58-4 at 8-16 (Ex. A). He also filed a federal habeas action in November 2006. Id., (Ex. B). Plaintiff then signed a waiver of constitutional rights prior to entry of guilty or no contest plea on March 28, 2007, in a state criminal matter, and then filed a state habeas petition challenging that conviction the following year. Id., (Exs. C, D). This evidence indicates that Plaintiff was

not incapacitated while the statute of limitations was running on the instant action during the four year that followed the alleged incident. Based on this evidence, the Court finds Plaintiff is not entitled to tolling based on a lack of capacity under section 352(a). Accordingly, this action is untimely and must be dismissed.

The Court need not address Defendants' alternative argument that Plaintiff fails to state a claim against them as any claim against them based on the February 20, 2005 incident is time-barred.

## CONCLUSION

For the foregoing reasons, Defendants C. Busher and B. James's motion for summary judgment is **GRANTED**. Dkt. No. 58. The claims against them are **DISMISSED** with prejudice as untimely. Plaintiff's recently filed "affidavit emergency injunctive relief" is DENIED as moot by the dismissal of this action. Dkt. No. 102.

This order terminates Docket No. 58 and 102.

**IT IS SO ORDERED.**

Dated: September 20, 2024

EDWARD J. DAVILA
United States District Judge